UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

STEPHEN PAUL MCLANE,

                Plaintiff,

    v.

DEPARTMENT OF CORRECTIONS,
DONALD HOLBROOK,

                Defendants.

No. C17-5092 RJB-KLS

**REPORT AND RECOMMENDATION**
**Noted For: May 5, 2017**

On March 7, 2017, the Court declined to serve Plaintiff Stephen Paul McClane's civil rights complaint (Dkt. 6) because of several noted deficiencies. Dkt. 7. However, the Court granted plaintiff leave to file an amended complaint to cure the deficiencies or to show cause why his complaint should not be dismissed. *Id.* Plaintiff has not filed an amended complaint or otherwise responded to the Court's Order. The undersigned recommends that this action be dismissed with prejudice because plaintiff has failed to state a claim under 42 U.S.C. § 1983 or otherwise respond to the Court's Order, and that the dismissal be counted as a strike under 28 U.S.C. § 1915(g).

**BACKGROUND**

Mr. McClane alleges that in 2016, while he was incarcerated at the Washington State Penitentiary, he was denied access to the law library and legal forms, and to the regular library so that plaintiff was unable to research his civil rights complaint and bring an action to clear up his

REPORT AND RECOMMENDATION - 1

medical status at Walla Walla. Dkt. 6, p. 3. Plaintiff states that he "blames" Donald Holbrook because "he runs the place." *Id*. Plaintiff names Donald Holbrook and the Department of Corrections ("DOC") as defendants and seeks only injunctive relief, *i.e.*, keeping Mr. Holbrook from denying "people access to" the law library, forms, and books while they are "in the IMU filing legal paper work." *Id.*, p. 4.

## DISCUSSION

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege facts showing (1) the conduct about which he complains was committed by a person acting under the color of state law; and (2) the conduct deprived him of a federal constitutional or statutory right. *Wood v. Ostrander*, 879 F.2d 583, 587 (9th Cir. 1989). In addition, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant, and he must allege an affirmative link between the injury and the conduct of that defendant. *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

**A.  Exhaustion**

The Prison Litigation Reform Act (PLRA) requires inmates to exhaust all administrative remedies before bringing a § 1983 claim. 42 U.S.C. § 1997e(a); *Griffin v. Arpaio*, 557 F.3d 1117, 1119 (2009). To effectively exhaust his administrative remedies, an inmate must use all the formal steps of the prison grievance process. *Id*. Because the purpose of exhaustion is to give prison administrators a chance to resolve the issues, the inmate must exhaust each of his claims through grievances containing enough factual specificity to notify officials of the alleged harm. *Id*. at 1120.

Plaintiff's civil rights complaint is dated January 31, 2017. Consequently, any claim not exhausted prior to that date may not be pursued in this action. Exhaustion must precede the

REPORT AND RECOMMENDATION - 2

filing of the complaint and compliance with the statute is not achieved by satisfying the exhaustion requirement during the course of an action. *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir.2002).

Plaintiff acknowledges that there is a grievance process at the Washington State Penitentiary, but that he filed no grievances relating to this complaint because it was a "non-grievable issue." Dkt. 6, p. 2. Plaintiff was ordered to explain the basis for his assertion so that the Court could properly determine whether his complaint must be dismissed without prejudice for failure to exhaust. Plaintiff has not responded to the Court's Order or filed an amended complaint.

**B.     DOC as Defendant**

Plaintiff names the DOC as a defendant. However, under the Eleventh Amendment, a state is not subject to suit by its own citizens in federal court. *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974). A state agency, as an arm of the state, is also immune from suit in federal court. *Howlett v. Rose*, 496 U.S. 356, 365 (1990); *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 70 (1989). An entity that has Eleventh Amendment immunity is not a "person" within the meaning of 42 U.S.C. § 1983. *Howlett*, 496 U.S. at 365. As a state agency, therefore, the DOC is immune from liability.[1]

**C.     Donald Holbrook**

Plaintiff states that he sued Donald Holbrook because "he is in charge." However,

---

[1] When sued for prospective injunctive relief, state officials are considered to be "persons" for the purposes of § 1983, because "official capacity actions for prospective injunctive relief are not treated as actions against the state." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71, n. 10 (1989). Defendants need not be personally involved in the alleged constitutional violations when sued in their official capacities for prospective injunctive relief, *see Brandon v. Holt*, 469 U.S. 464, 471 (1985), however, the plaintiff must allege that a government "policy or issue" played a role in the constitutional violation. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985).

REPORT AND RECOMMENDATION - 3

supervisors cannot be held liable simply because they are supervisors. Plaintiff can pursue his claim against Mr. Holbrook only by alleging, if he can do so in good faith, either that Mr. Holbrook personally participated in the constitutional deprivation or that Mr. Holbrook was aware of similar widespread abuses, but with deliberate indifference to plaintiff's constitutional rights, failed to take action to prevent further harm to plaintiff. In other words, plaintiff must allege what Mr. Holbrook did, when he did it, and how this violated plaintiff's constitutional rights. If Mr. Holbrook was not personally involved, plaintiff was directed to name the individual prison official or officials who were involved. He has failed to do so.

**C.      Access to Courts**

Plaintiff alleges that he was denied access to the law library and materials and as a result, he was unable to continue with his civil rights complaint relating to his medical status. Inmates possess a fundamental constitutional right of access to courts in order to contest the fact, duration and conditions of their confinement. *Bounds v. Smith*, 430 U.S. 817 (1977). In *Lewis v. Casey*, 518 U.S. 343 (1996), the Supreme Court explained that the "Constitution does not require that prisoners be able to conduct generalized research," but rather, "[t]he tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions or their confinement." *Id*. at 355, 360. The Ninth Circuit has held that this right does not extend beyond the initial pleading phase. *Cornett v. Donovan*, 51 F.3d 894 (9th Cir. 1995). Further, this right does not require that prison officials provide affirmative assistance, but rather forbids states from "erecting barriers that impede the right of access of incarcerated persons." *Silva v. Di Vittorio*, 658 F.3d 1090, 1102 (9th Cir. 2011) (citing *John L. v. Adams*, 969 F.2d 228 [6th Cir. 1992]).

REPORT AND RECOMMENDATION - 4

To establish a violation of the right of access to courts, an inmate must show actual injury. Actual injury results from "some specific instances in which an inmate was actually denied access to the courts." *Sands v. Lewis*, 886 F.2d 1166, 1170-71 (9th Cir. 1989). Moreover, a prison regulation impinging on inmates' constitutional rights, even a right of access to the courts, is valid if it is reasonably related to legitimate penological interests. *See Lewis*, 518 U.S. at 353 (citing to *Turner v. Safley*, 482 U.S. 78, (1987).

Plaintiff was directed to plead facts describing who denied him access, when this occurred, and how the denial caused him actual injury. Dkt. 7, p. 5. He has failed to do so.

## CONCLUSION

Although plaintiff was given guidance and ample opportunity to amend his complaint to state a viable constitutional claim, he has failed to do so. Plaintiff's complaint should be dismissed with prejudice on the grounds that it fails to state a claim upon which relief may be granted, and the dismissal counted as a strike under 28 U.S.C. § 1915(g). Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **May 5, 2017,** as noted in the caption.

**DATED** this 14th day of April, 2017.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 5